IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENCOR PACIFIC, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> FEDERAL LABORATORIES ) <br> CORPORATION and JEFFREY ) <br> TAUB, ) <br> ) <br> Defendants. ) | 07 C 168 <br><br> Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued defendants for defamation, interference with existing and prospective contractual relations, false advertising, unfair competition, federal and common law copyright infringement, and unjust enrichment. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(3) motion to dismiss for improper venue, or in the alternative, to transfer pursuant to 28 U.S.C. §1404(a). For the reasons set forth below, the Court grants the motion to dismiss.

### Facts

Plaintiff Gencor Pacific, Inc. ("Gencor") is a Texas corporation with its principal place of business in Austin, Texas. (Compl. ¶ 4.) Gencor sells an appetite suppressant made from *Caralluma* extract. (*Id.*)

Defendant Federal Laboratories Corporation ("Fedlabs") is a New York corporation with its principal place of business in Alden, New York. (*Id.* ¶ 5.)

Defendant Jeffery Taub is the Chairman of Fedlabs and a citizen of New York. (Taub Aff. ¶ 3.) Fedlabs sells a *Caralluma* powder, a product that is unrelated to the extract product sold by Gencor.

Gencor alleges that Fedlabs has used and passed off as its own, various studies and information written by Gencor about its *Caralluma* extract. (Compl. ¶¶ 7-16.) Gencor also alleges that Taub left a defamatory message on the voice mail of one of Gencor's Illinois distributors and disseminated false advertisements in Illinois. (*Id.* Counts I-IX.) Defendants contend that they do not have sufficient contacts with this district to make it a proper venue for the suit.

## Discussion

Under 28 U.S.C. § 1391, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Because the defendants reside in New York, this district is an appropriate venue only if "a substantial part of the events or omissions giving rise" to the suit occurred here. *Id.* Plaintiff bears the burden of proving that venue is proper in this district. *See Peitsch v. Regency Cruises Inc.*, 664 F. Supp. 362, 364 (N.D. Ill. 1987) (stating that "plaintiff bears the burden of proving the propriety of venue" once it is challenged).

Plaintiff alleges that a substantial part of the events underlying its suit occurred here because (1) the defamation and interference with contractual relations claims are

predicated on a voice mail message left for a Gencor distributor located in this district; and (2) the remaining claims are predicated on defendants' use of Gencor's studies in marketing materials that were disseminated to Illinois. Plaintiff has not, however, submitted any evidence to support those allegations. It has provided a transcript of the alleged voice mail message but no affidavit from the person who received it verifying that the transcript is accurate and that the message was received here. Similarly, plaintiff asserts that:

> Defendants place their advertisements in trade publications with substantial circulation within [this district] (e.g. Federal Labs advertises the offending product in Nutritional Outlook Magazine, as well as the American Botanical Council's HerbalGram publication.) Upon information and belief, Federal Labs is targeting a substantial number of Gencor's current and prospective customers.

(Pl.'s Mem. Opp'n Defs.' Mot. Dismiss at 4.) But plaintiff has not provided copies of any of the advertisements, an affidavit from any Illinois resident who saw the ads or was otherwise "target[ed]" by Fedlabs, or an affidavit from any publisher confirming that the ads ran in its publication and were disseminated in Illinois. Plaintiff's bare allegations that defendant made a defamatory statements and falsely advertised within this State does not fulfill its burden of proving that a substantial part of the events giving rise to this suit took place in this district. *See Peitsch*, 664 F. Supp. at 364 (transferring case for improper venue because the "plaintiff . . . failed to put forth any evidence showing [that] venue is proper here"). Defendants' motion to dismiss is, therefore, granted.

## Conclusion

For the reasons set forth above, defendants' Rule 12(b)(3) motion to dismiss [doc. no. 15] is granted. Plaintiff has twenty-one days from the date of this Memorandum Opinion and Order to file an amended complaint. If plaintiff fails to do so in that time period, this suit will be dismissed.

**SO ORDERED.**  ENTERED: 8/3/07

HON. RONALD A. GUZMAN
United States District Judge